**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1668-LPS |
| v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; AND NEW CINGULAR WIRELESS SERVICES, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1229-LPS |
| v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; AND NEW CINGULAR WIRELESS SERVICES, INC., | |
| Defendants. | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1669-LPS |
| v. | JURY TRIAL DEMANDED |
| CRICKET COMMUNICATIONS, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1230-LPS |
| v. | JURY TRIAL DEMANDED |
| CRICKET COMMUNICATIONS, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1670-LPS |
| v. | JURY TRIAL DEMANDED |
| NEXTEL OPERATIONS, INC. AND SPRINT SPECTRUM L.P., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1231-LPS |
| v. | JURY TRIAL DEMANDED |
| NEXTEL OPERATIONS, INC. AND SPRINT SPECTRUM L.P., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1671-LPS |
| v. | JURY TRIAL DEMANDED |
| T-MOBILE USA, INC. AND T-MOBILE US, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1232-LPS |
| v. | JURY TRIAL DEMANDED |
| T-MOBILE USA, INC. AND T-MOBILE US, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC | |
| Plaintiff, | Civil Action No. 13-1672-LPS |
| v. | JURY TRIAL DEMANDED |
| UNITED STATES CELLULAR CORPORATION, | |
| Defendant, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1233-LPS |
| v. | JURY TRIAL DEMANDED |
| UNITED STATES CELLULAR CORPORATION, | |
| Defendant, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

## STIPULATED PROTECTIVE ORDER

These actions are brought by Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Plaintiffs") against Defendants AT&T Mobility LLC; AT&T Mobility II LLC; New Cingular Wireless Services, Inc.; Cricket Communications, Inc.; T-

Mobile USA, Inc.; T-Mobile US, Inc.; Nextel Operations, Inc.; Sprint Spectrum L.P.; United States Cellular Corporation (collectively, "Defendants"), and Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Intervenors"). The litigation of these actions may require the Parties or third parties to disclose information that contains proprietary, confidential, commercially sensitive, or otherwise non-public information. If such information is disclosed or disseminated in an unprotected manner, it may cause substantial harm to Plaintiffs, Defendants, and/or third parties, including loss of competitive advantage, loss of existing business, and loss of business opportunities.

Accordingly, the Parties, by and through their respective counsel, have stipulated and agreed that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary to protect the confidentiality of documents and other information obtained in the course of discovery in this Action. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.     **SCOPE OF ORDER**. This Protective Order includes in its scope any documents, things, and information (including all documents, electronically stored information, and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure or any applicable local rule) that are produced, disclosed, or filed in the above-captioned cases, Case No. 13-1668-LPS, Case No. 14-1229-LPS, Case No. 13-1669-LPS, Case No. 14-1230-LPS, Case No. 13-1670-LPS, Case No. 14-1231-LPS, Case No. 13-1671-LPS, Case No. 14-1232-LPS, Case No. 13-1672-LPS, Case No. 14-1233-LPS (collectively, the "Action"), by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery

requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, a response to any type of written discovery, a submission to the Court, or otherwise ("Litigation Material").  Nothing in this Order shall obligate any Party or non-party to produce any Litigation Material to any other Party that it is not otherwise required to produce under the Federal Rules of Civil Procedure or any applicable local rule.  To the extent any Litigation Material belonging to non-parties is in the possession, custody, or control of a Party, and is permitted to be produced in this matter, it may be produced under the provisions of this Protective Order.

2.     **USE OF LITIGATION MATERIAL GENERALLY**.  All Litigation Material designated or reflecting HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION, as defined below, shall be used solely for the purposes of preparation, trial, and appeal of this Action, and for no other purpose, absent further order of the Court.  For the avoidance of doubt, the restrictions on use of Litigation Material of this Paragraph apply equally to Litigation Materials that include excerpts, summaries, compilations, or other derivatives of HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION, as defined below.  However, nothing herein shall prevent or in any way limit disclosure, use, or dissemination of any documents, things, or information that are in the public domain.

3.     **DEFINITIONS**

a.     "Copy" or "Copies" shall mean any reproduction, depiction, or sample of any document, material, tangible thing, audio or video tape, computer disk or hard drive, or

information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

b.      "Outside Litigation Counsel" shall mean the outside counsel of record for each party in this Action, including all regularly employed attorneys, staff, and clerical and support personnel affiliated with or employed by such outside counsel, as well as copy services, translators and other similar vendors providing clerical or administrative support to such outside counsel in connection with this matter.

c.      "Party" or "Parties" shall mean any or all parties to this Action.

d.      "Patents-in-Suit" shall mean United States Patent Nos. 7,787,431; 5,602,831; 7,269,127; 6,640,248; 7,848,353; 8,396,079; 6,023,783; 7,385,994; 5,963,557; 6,370,153; 6,952,408; and 8,310,993, and any other patent(s) asserted in this Action, as well as any patent applications, provisional patent applications, continuations, or divisional applications related to the Patents-in-Suit.

e.      "Producing Party" shall mean a Party or non-party, on behalf of which documents, things, or information are produced, furnished, or disclosed, during the course of this Action, in response to requests for production of documents, interrogatories, requests for admissions, depositions, or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, or other form of information produced, furnished or disclosed by or on behalf of such a Party or non-party.

f.      "Receiving Party" shall mean any Party to which documents, things, or information are produced, furnished, or disclosed, whether voluntarily or in response to formal or

informal discovery requests, subpoena, deposition notice, or court order, by any Producing Party in this Action.

g.      "Source Code" shall mean source code and object code, software tools, and scripts used to compile a product for any platform, and design documents containing algorithms for the foregoing.  For avoidance of doubt, this further includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

h.      "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall mean Litigation Material which reflects or contains any of the following: (i) confidential, proprietary, or commercially sensitive information, including confidential, proprietary or sensitive design, development, technical, or manufacturing information; (ii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence; (iii) confidential information of a non-party that the Producing Party is bound by a separate confidentiality agreement or court order to maintain in confidence and that the Producing Party is permitted to produce in the Action; (iv) highly sensitive business planning, marketing, financial, pricing, or sales information, (v) information related to patent acquisition strategies, patent licensing strategies, and patent investment strategies (e.g., how a Producing Party chooses patents to acquire or license, how it values and determines offers for such patents or licenses, and negotiation and evaluation strategies with respect thereto), or (vi) any confidential agreement concerning an interest in a patent, including any agreement in which any party receives a license, option to license, covenant not to sue, restriction on suit, or any other right of any kind to or under any patent.

i. "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall mean Litigation Material of a Producing Party, or of any non-parties that a Producing Party is permitted to produce in the Action, that constitutes or contains non-public Source Code.

j. "DESIGNATED INFORMATION" shall mean information designated HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION.

**4.    DESIGNATION   OF   LITIGATION   MATERIAL   OR   OTHER DOCUMENTS**.  Any Party or non-party may designate, at or prior to the time of production, any non-public Litigation Material (and copies thereof) produced or disclosed by or on behalf of such Party or non-party, or any portion of such material, as either:

a. HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION, by placing on each page (or electronic file) or the first page of a multi-page court filing, expert report, discovery response, or other document prepared for the purposes of litigating this Action, and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows: "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION," "OUTSIDE COUNSEL ONLY," or other similar designation plainly indicating "OUTSIDE COUNSEL ONLY" Litigation Material; or

b. HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION, by placing on each page (or electronic file) or

the first page of a multi-page court filing, expert report, discovery response, or other document prepared for the purposes of litigating this Action, and each thing (including electronic, optical, magneto-optical, magnetic, etc. media) to which the designation applies a legend substantially as follows: "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL SOURCE CODE," "SOURCE CODE," or other similar designation plainly indicating "SOURCE CODE" Litigation Material.

5.      **INSPECTION.**  In the event the Producing Party elects to produce documents containing or reflecting DESIGNATED INFORMATION for inspection, no marking need be made by the Producing Party in advance of the inspection, and all inspected materials shall be deemed HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION until designated otherwise at the time copies are delivered to Receiving Party.

6.      **USE OF DESIGNATED INFORMATION**.   HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than QUALIFIED PERSONS, as defined in Paragraph 7 herein, except that DESIGNATED INFORMATION may be made available or the contents thereof disclosed in accordance with the provisions of Paragraphs 11 and 12.  Material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION and any portion of any transcript or other paper that contains or reveals, in whole or in part, material so designated may only be disclosed, subject to the provisions of Paragraph 32, to SOURCE CODE QUALIFIED PERSONS, as defined in Paragraph 7.e, except in accordance with the provisions of Paragraphs 11 and 12.   All DESIGNATED INFORMATION shall be carefully maintained by the Receiving Party in secure facilities and

access to such DESIGNATED INFORMATION shall be permitted only to persons having access thereto under the terms of this Protective Order.  No DESIGNATED INFORMATION shall be permanently retained or stored at the offices or facilities of the Receiving Party.  In the event that any QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON ceases to engage in the litigation of this Action, access by such person to DESIGNATED INFORMATION shall be terminated.  The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON.  Plaintiffs shall not disclose any DESIGNATED INFORMATION of one Defendant to another Defendant or its counsel without first obtaining written permission to make such disclosure by the Defendant whose DESIGNATED INFORMATION Plaintiffs are seeking to disclose.  A Defendant wishing to obtain DESIGNATED INFORMATION produced to Plaintiffs by another Defendant must request such DESIGNATED INFORMATION directly from the Defendant that produced it, and not from Plaintiffs.

7.     **QUALIFIED PERSONS**.  QUALIFIED PERSONS as used herein shall include only the following:

a.     Outside Litigation Counsel as necessarily incident to the litigation of this Action;

b.     Personnel at trial graphics, jury consultants, or other litigation consultants; mock jurors; and document duplication, coding, imaging, or scanning service establishments retained by, but not regularly employed by, Outside Litigation Counsel as necessarily incident to the litigation of this Action;

c.     Qualified Consultants and Qualified Experts, as provided in Paragraph 9(a), and their regularly employed support personnel (such as administrative assistants,

12

secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action;

d.     the Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this Action; and

e.     a mediator appointed by the Court, including regularly employed support personnel of the mediator (such as administrative assistants, secretaries, clerical and administrative staff) as necessarily incident to the litigation of this Action.

**8.     SOURCE CODE QUALIFIED PERSONS.**  SOURCE CODE QUALIFIED PERSONS as used herein shall include only those QUALIFIED PERSONS listed in Paragraphs 7(a), 7(d), and 7(e), and Qualified Consultants and/or Qualified Experts under Paragraph 9(a) to review the Source Code of a Producing Party.

**9.     APPROVAL OF PROPOSED QUALIFIED CONSULTANTS AND QUALIFIED EXPERTS.**

a.     A consultant or expert retained by a Party shall become a Qualified Consultant or Qualified Expert, as the case may be, as to a particular Producing Party and may receive the DESIGNATED INFORMATION of that Producing Party only after the following conditions have been satisfied: (i) the proposed Qualified Consultant or Qualified Expert has executed an Agreement to Abide By Protective Order in the form attached hereto as Exhibit A; (ii) the executed Agreement and the proposed Qualified Consultant's or Qualified Expert's curriculum vitae have been served on the Producing Party (including (1) their present employer and title, (2) a list of any known present or former relationships or engagements between them and any Party or known competitor of a Party, (3) a list of other cases in which they have

testified (at trial or deposition) within the last five years, (4) a list of all companies with which they have consulted or by which they have been employed within the last five years, or, if the identity of the employer is confidential, a detailed description of the engagement and a statement that the employer was not a Party or a known competitor of a Party, and (5) an indication of whether or not they are involved in preparing, prosecuting, supervising, or assisting in the preparation, prosecution (including interferences, reexaminations, and other proceedings), or acquisition of any patent or patent application pertaining to the Patents-in-Suit, the field of technology or subject matter of the Patents-in-Suit); and (iii) the Producing Party has not objected to the proposed Qualified Consultant or Qualified Expert pursuant to Paragraph 9(b), or the Court has ruled on an application by the Receiving Party that the proposed Qualified Consultant or Qualified Expert may receive DESIGNATED INFORMATION of the Producing Party.   A proposed Qualified Consultant or Qualified Expert may only receive HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION after being expressly identified to the Producing Party as seeking access to HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION.  If the Receiving Party wishes an already identified Qualified Consultant or Qualified Expert to receive HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION, it must re-comply with the provisions of this Paragraph and identify the proposed Qualified Consultant or Qualified Expert as seeking access to HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEY'S EYES ONLY INFORMATION.

b.      A Producing Party shall have seven (7) business days from the date of electronic mail service of the materials and information served pursuant to Paragraph 9(a), to

object to a proposed person.  Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties.  If a written notice of objection is served within the period provided in this Paragraph for objections, no DESIGNATED INFORMATION of the Producing Party shall be disclosed to the proposed person until the objection is resolved by agreement or by an order of the Court.

        c.     If an objection is received pursuant to Paragraph 9(b), the Party seeking to disclose DESIGNATED INFORMATION to the proposed person must first move for an order of the Court authorizing disclosure of DESIGNATED INFORMATION to the proposed person and must receive Court authorization before disclosing any such DESIGNATED INFORMATION.

        d.     The failure of a Producing Party to object to the receipt of its HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION and/or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION by a person designated by a Receiving Party under Paragraph 9(b) shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION and/or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION.

**10.  DISCOVERABILITY OF QUALIFIED EXPERT- OR QUALIFIED CONSULTANT-RELATED MATERIALS**.  The Parties agree that the following information shall not be discoverable: (i) drafts of expert declarations or reports; (ii) communications between a QUALIFIED CONSULTANT or QUALIFIED EXPERT and any attorney for the party retaining the QUALIFIED CONSULTANT or QUALIFIED EXPERT pertaining to the

preparation of any report, declaration, or trial testimony of that QUALIFIED CONSULTANT or QUALIFIED EXPERT, or otherwise in connection with that person's engagement for this Action; (iii) all notes, memoranda, or other writings prepared by a QUALIFIED CONSULTANT or QUALIFIED EXPERT in connection with that person's engagement for this Action, except to the extent that the QUALIFIED CONSULTANT or QUALIFIED EXPERT relies upon such notes, memoranda, or other writings to form his or her own opinion(s).  The Parties further agree that the information excluded from discovery under this Paragraph is deemed attorney work product.

**11.     LIMITED DISCLOSURE TO PARTIES WITH PRIOR ACCESS**.  Nothing herein shall prevent the disclosure of any DESIGNATED INFORMATION to any of the following:

a.     any current employee of the Producing Party;

b.     any current employee of the Receiving Party if the DESIGNATED INFORMATION originated with, or was sent to, the current employee of the Receiving Party, as evidenced by the identification of the current employee as an author, recipient, or copyee on the face of the DESIGNATED INFORMATION; or

c.     during deposition or trial testimony, any former employee of the Receiving Party or Producing Party if the DESIGNATED INFORMATION originated with, or was sent to, the former employee during the term of employment of the former employee, as evidenced by the identification of the former employee as an author, recipient, or copyee on the face of the DESIGNATED INFORMATION.

**12.     LIMITED DISCLOSURE TO WITNESSES TESTIFYING AT DEPOSITION**.  DESIGNATED INFORMATION may be made available, or the contents

thereof disclosed, to witnesses testifying at deposition, or who provide an affidavit or certification, and their counsel, only if:

a.      in the case of a document, it appears that the witness has previously seen, received, or has knowledge of the DESIGNATED INFORMATION contained therein, either because the document identifies the witness as an author, recipient or copyee, because the document comes from the files of the witness, or because other documents or testimony establish that the Designated Information was previously received from or communicated to the witness;

b.      the Producing Party agrees in writing that the witness may have access to the DESIGNATED INFORMATION for purposes of his or her testimony at deposition; or

c.      the witness is employed by the Producing Party.

**13.    DESIGNATION OF DEPOSITION TESTIMONY**.  A Party or non-party may designate information disclosed during a deposition as DESIGNATED INFORMATION by so indicating on the record at the deposition.  A Party or non-party may also designate in writing, within twenty one (21) calendar days of the receipt of the transcript (the "Designation Period"), that specific pages of the transcript be treated as DESIGNATED INFORMATION.  Until the Designation Period has elapsed for a given transcript, that transcript shall be treated as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION.

**14.    ATTENDANCE AT DEPOSITIONS**.  During depositions of any Party or non-party, a Party or non-party claiming that information that is to be disclosed or upon which questions may be based is DESIGNATED INFORMATION may exclude from the room for that portion of the deposition any person who is not a QUALIFIED PERSON or SOURCE CODE QUALIFIED PERSON, as appropriate under this Protective Order.

**15.     FILING   DESIGNATED   INFORMATION**.     Any   DESIGNATED INFORMATION filed with the Court shall be filed under seal in accordance with the Administrative Procedures Governing Filing and Service by Electronic Means.

**16.     USE OF DESIGNATED INFORMATION AT TRIAL**.   Nothing in this Protective Order shall prevent a Party from using any DESIGNATED INFORMATION at a hearing or at trial.  The Parties may request that attendance at those portions of the hearing or trial, or access to the transcripts of those hearing or the trial, in which DESIGNATED INFORMATION is to be disclosed, be restricted to court personnel and QUALIFIED PERSONS or SOURCE CODE QUALIFIED PERSONS, as appropriate under this Protective Order.

**17.     USE OF LITIGATION MATERIAL ACROSS RELATED CASES**.   Any Litigation Material that a Defendant produces to Intellectual Ventures I in this Action may be used by Intellectual Ventures II in its case in this Action against said Defendant, and any Litigation Material that a Defendant produces to Intellectual Ventures II in this Action may be used by Intellectual Ventures I in its case in this Action against said Defendant.  Similarly, any Litigation Material that Intellectual Ventures I produces to a Defendant in this Action may be used by that Defendant in its case in this Action against Intellectual Ventures II, and any Litigation Material that Intellectual Ventures II produces to a Defendant in this Action may be used by that Defendant in its case in this Action against Intellectual Ventures I.  Any Litigation Material produced by a non-party, in response to a subpoena or otherwise, may be used in any of the cases in this Action.

**18.     PROCEDURE FOR POST-PRODUCTION DESIGNATION**.  At any time, a Producing Party may seek additional protection for previously produced Litigation Material by re-producing and re-designating such Litigation Material as DESIGNATED INFORMATION.

If Litigation Material was properly shown to a person who would not be entitled to see it as newly re-designated, that person shall be advised that the Litigation Material has been re-designated as DESIGNATED INFORMATION, as the case may be, and instructed not to use the Litigation Material for any purpose.

19. **PROCEDURE FOR OBJECTION TO DESIGNATIO**N.

a. At any time prior to the final pretrial conference in this Action, any Party may object in good faith to the designation or re-designation of any Litigation Material as DESIGNATED INFORMATION by providing counsel for the Producing Party with written notice of the reasons for its objection. The Producing Party shall, within fourteen (14) calendar days after receiving such written notice, advise the objecting party, in writing, of the basis for its designation or re-designation. Within ten (10) calendar days thereafter, the parties shall confer in a good faith effort to resolve the matter. Failing such resolution, the Receiving Party shall then have ten (10) calendar days from that conference (the "Motion Period") to apply to the Court for relief or the objection is waived. The Receiving Party has the burden of establishing that the item was improperly designated.

b. Notwithstanding any objection to the designation of Litigation Material as DESIGNATED INFORMATION, Litigation Material designated as DESIGNATED INFORMATION shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (i) the party who designated the Litigation Material DESIGNATED INFORMATION changes or removes such designation in writing; or (ii) the Court orders the Producing Party to change or remove such designation. If Litigation Material was properly shown to a person who would not be entitled to see it as re-classified, that person

shall be advised that the Litigation Material has been reclassified and instructed not to use the Litigation Material for any purpose.

        c.    In any motion challenging whether an item is properly DESIGNATED INFORMATION, the Receiving Party has the burden of establishing that the item is improperly designated as DESIGNATED INFORMATION.

        d.    The failure of the Receiving Party to challenge the designation of any item as DESIGNATED INFORMATION under this Protective Order at the time of production or designation of the item shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time prior to the final pretrial conference in this Action.

    **20.**    **AVAILABILITY TO NON-PARTIES**.  It is expressly contemplated that the protections of this Protective Order apply to non-parties.

    **21.**    **NOTICE TO NON-PARTIES**.  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order.

    **22.**    **NO WAIVER**.

        a.    Nothing in this Protective Order shall prejudice the right of any party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Protective Order shall prejudice the right of any party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

        b.    Entering into, agreeing to and/or complying with the terms of this Protective Order shall not: (i) operate as an admission by any Party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or

commercial information; or (ii) operate as an admission by any Party that any particular Litigation Material is, or is not, relevant to this Action.

23. **PARTIES' OWN INFORMATION**.   Nothing in this Protective Order shall limit any Producing Party's use of its own documents, things, or information.  Nor shall anything in this Protective Order prevent any Producing Party from disclosing its DESIGNATED INFORMATION to any person.   Such disclosures shall not affect any designation of such documents as DESIGNATED INFORMATION pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

24. **DISCLOSURES BEYOND PROTECTIVE ORDER**.    Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order: (i) if the Producing Party(ies) consents to such disclosure; (ii) if the Court, after notice of all affected persons, allows such disclosure; or (iii) if the party to whom HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed Party gives prompt written notice to counsel for the Producing Party and provides counsel for that Party at least fourteen (14) calendar days from receipt of the written notice to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

25.    **PRIVILEGE LOGS.**

Documents or communications that are subject to a claim of attorney-client privilege, work product protection, or any other privilege or immunity, need not be included on a privilege log if such documents or communications (1) were created or took place on or after October 7, 2013 (i.e., the filing date of this Action), or (2) relate to or arose from the lawsuits that Plaintiffs filed against Defendants in February 2012 in the District of Delaware (Case Numbers 12-cv-00193-LPS, 13-cv-01631-LPS, 13-cv-01632-LPS, 13-cv-01633-LPS, 13-cv-01634-LPS, 13-cv-01635-LPS, 13-cv-01636-LPS, and 13-cv-01637-LPS).**]**

26.    **INADVERTENT    OR    UNINTENTIONAL    PRODUCTION    OF PRIVILEGED LITIGATION MATERIAL**.  The inadvertent or unintentional production of Litigation Material – including notes, summaries, and analyses thereof – which a Party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product privilege, joint defense privilege, and/or settlement privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges.  A Party or non-party may request the return of any Inadvertently Produced Privileged Material.  A request for the return of any Inadvertently Produced Privileged Material shall identify the Litigation Material inadvertently or unintentionally produced and the basis for withholding such Litigation Material from production.  If a Receiving Party discovers that Litigation Material may have been inadvertently or unintentionally produced, it shall promptly notify the Producing Party.  If a Party or non-party requests the return, pursuant to this Paragraph, of any Inadvertently Produced Privileged Material then in the custody of another party, such party shall not use or disclose, and immediately cease any prior use of such materials.  Such party shall also immediately return to the Producing Party or non-party all copies of the

Inadvertently Produced Privileged Material or destroy them and, within three (3) calendar days, confirm that the Inadvertently Produced Privileged Material has been destroyed.  The party or parties returning or destroying such Inadvertently Produced Privileged Material shall not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent or unintentional production.  The return or destruction of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from moving the Court for an order that: (i) the Litigation Material was never privileged or otherwise immune from disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than the production of the Litigation Material.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the Inadvertently Produced Privileged Material and such other information as is reasonably necessary to identify the Inadvertently Produced Privileged Material and describe its nature to the Court in any motion.

27. **INADVERTENT OR UNINTENTIONAL DISCLOSURE OF HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION OR HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION.**

a. If any Litigation Material that a Party or non-party intends to designate as DESIGNATED INFORMATION is inadvertently or unintentionally disclosed without being marked in accordance with this Protective Order, the failure to so mark the Litigation Material shall not be deemed a waiver of its confidentiality.

b. If any DESIGNATED INFORMATION is disclosed, through inadvertence or otherwise, to a person or party other than a QUALIFIED PERSON or SOURCE

CODE QUALIFIED PERSON, as the case may be, then: (a) the Party disclosing the information shall use its best efforts to retrieve the information and ensure that any copies thereof disclosed to such other person or party are promptly destroyed; (b) the Party disclosing the information shall use its best efforts to bind such person or party to the terms of this Protective Order; (c) such person or party shall be informed promptly of all the provisions of this Protective Order by the disclosing Party; (d) such person or party shall be identified immediately to the Party that designated the Litigation Material as DESIGNATED INFORMATION; and (e) the person to whom disclosure was made shall be requested to sign an Agreement to Abide By Protective Order in the form of Exhibit B hereto, which signed Agreement shall be served on the Party that designated the Litigation Material as DESIGNATED INFORMATION, and that person shall be advised that the Litigation Material is not to be used for any purpose.  Nothing in this Paragraph shall affect the Producing Party's remedies under this Protective Order or otherwise for such unauthorized disclosure.

**28.      RETURN OR DESTRUCTION OF DESIGNATED INFORMATION UPON CONCLUSION OF THIS ACTION**.

a.      At the conclusion of this Action, each party subject to the terms of this Protective Order shall assemble and return to each Producing Party all originals and reproductions of any Litigation Material containing DESIGNATED INFORMATION within sixty (60) calendar days of the conclusion of this Action.  In lieu of returning Litigation Materials containing information designated as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION, a party may destroy all such Litigation Material within sixty (60) calendar days of the conclusion of this Action, provided the party electing to undertake such destruction certifies to the Producing Party in writing that it has made a

reasonable and good faith effort to destroy such materials, and that all such material has been destroyed to the best of its knowledge.

b.     Notwithstanding Paragraph 28(a), Outside Litigation Counsel for each Party may retain a record including one copy of the following, irrespective of whether or not HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION of another Party or non-party is included: (i) its correspondence file of this case; (ii) its pleadings file, including all briefs, memoranda, affidavits, supporting materials, and all papers served on the Party; (iii) any briefs and appendices on appeal; (iv) all legal research memoranda and work product; (v) its file of deposition transcripts and accompanying exhibits; and (vi) its file of hearing and trial transcripts and accompanying exhibits.   In the instance of HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION, the foregoing exception to Paragraph 28(a) shall not apply and no partial or complete Source Code, and no notes or summaries regarding Source Code, shall be retained under any circumstances absent written consent from the Producing Party.

### 29.   SURVIVAL OF OBLIGATIONS.

a.     All the provisions of this Protective Order shall survive the conclusion of this Action, and shall continue to be binding after the Conclusion of this Action unless subsequently modified by agreement among the Parties or further order of the Court.

b.     "Conclusion of this Action" shall mean all appeal periods have expired and any settlement or judgment has become final.

c.     For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction indefinitely over the parties and any persons provided access to DESIGNATED INFORMATION under the terms of this Protective Order.

**30.** **RELIEF FROM PROTECTIVE ORDER**.  Entry of this Protective Order shall be without prejudice to the application by any Party or non-party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production or use of any Litigation Material produced, furnished, or disclosed in the course of discovery in this Action.  The Parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

**31.** **OTHER PROCEEDINGS**.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION" pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

**32.** **ADDITIONAL PROTECTIONS FOR HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION**.  Information designated "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION" shall be subject to the additional protections of this Paragraph.

a.     Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

b.     Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS and shall be provided only on "stand-alone" secure computer system(s)

26

(*i.e.*, the computer system may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet).   The stand-alone secure computer system(s) shall be located at the United States offices of the Producing Party's Outside Litigation Counsel, or other mutually-agreed upon location.   No recordable media or recordable devices shall be permitted into the area containing the stand-alone secure computer system(s), including without limitation, computers, cell phones, sound recorders, peripheral equipment, cameras, CDs, DVDs, or drives of any kind.   No computers, recordable media, or recordable devices may be connected to such stand-alone secure computer system(s) or otherwise used to copy or record Source Code from such stand-alone secure computer system(s).   No means capable of connecting computers, recordable media, or recordable devices to the stand-alone secure computer system(s) shall be permitted into the area and no computers may be used to duplicate or re-write any portions of the Source Code.

    c. Each stand-alone secure computer system shall be password protected. The Producing Party shall produce Source Code in computer searchable format on the stand-alone secure computer system(s).   The Receiving Party may use licensed software tools, including but not limited to Understand from Scientific Toolworks, Inc., which shall be installed by the Producing Party for the purpose of efficient Source Code review appropriate for this litigation by the Receiving Party.   Licensed copies of agreed upon software tools shall be installed on the stand-alone secure computer system by the Producing Party at the expense of the Receiving Party.   To allow the Producing Party reasonable time to prepare the Source Code computers system(s), the Receiving Party must provide the Producing Party the computer medium (CD or DVD) containing such software tool(s) at least fourteen (14) days in advance of the inspection.   In the event that such software tool(s) require access to the Internet to complete

the installation process, the Receiving Party shall provide the Producing Party at least an additional seven (7) days in advance of the inspection to complete the installation process.  In the event that the Source Code review requires the use of proprietary software tools exclusively within the control and possession of the Producing Party, the Producing Party shall provide and install such proprietary software at no cost to the Receiving Party.  The Producing Party shall also provide instruction on the use of such proprietary software sufficient to allow for review of the Source Code.

        d.     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone secure computer system(s) to normal business hours, which for purposes of this Paragraph shall be 9:00 a.m. through 5:00 p.m. local time, Monday through Friday (excluding holidays).  The Producing Party shall notify the Receiving Party once any of the Producing Party's Source Code is available for inspection.  After the Producing Party has notified the Receiving Party that Source Code of the Producing Party is available for inspection, the Receiving Party shall provide at least five (5) business days' notice prior to any inspection of that Source Code.[1]  Upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone secure computer system(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Source Code at the Producing Party's facilities or the offices of its Outside Litigation Counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

---

[1] To the extent the Producing Party agrees to provide additional Source Code beyond what has already been made available, the notice requirement for source code inspections (*i.e.*, five (5) business days) shall also apply to any inspection of that additional Source Code once that Producing Party has provided notice that the additional Source Code is available for inspection.

e.      All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be named in writing to the Producing Party at least five (5) business days in advance of the first time that such person reviews such Source Code, and at least two (2) business days in advance of any subsequent review of such Source Code by that person. Such a writing shall be in addition to any disclosure required under Paragraph 9(b) of this Order. The Producing Party shall provide individuals with information explaining how to start, log on to, and operate the stand-alone secure computer system(s) in order to access the produced Source Code on the stand-alone secure computer system(s). Proper identification of all SOURCE CODE QUALIFIED PERSONS shall be provided prior to any access to the Source Code viewing room or the computer containing the Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code viewing room or the computer containing the Source Code may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification. The Producing Party may require the SOURCE CODE QUALIFIED PERSONS to remove personal items from their person(s) while viewing the Source Code (including, but not limited to, cellular telephones, personal computing devices, key chains, wallets, and purses). The Producing Party may maintain a log of each person who reviews Source Code and require such person to sign in and sign out when reviewing Source Code.

f.      No person other than the Producing Party may alter, dismantle, disassemble or modify the stand-alone secure computer system(s) in any way, or attempt to circumvent any security feature of the computer system(s). The Receiving Party shall not copy,

remove, or otherwise transfer or transmit any portion of the Source Code from the computer containing the Source Code including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.

g.      No electronic copies shall be made of Source Code, other than volatile copies necessarily made in the normal course of accessing the Source Code on the stand-alone secure computer system(s).  A SOURCE CODE QUALIFIED PERSON also may take notes of his/her thoughts and impressions during any inspection of the Source Code.  Only SOURCE CODE QUALIFIED PERSONS may view such notes, and shall do so in a manner consistent with the restrictions on material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION.  Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's SOURCE CODE QUALIFIED PERSONS shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.   The Producing Party shall not be responsible for any items left in the room following each inspection session.

h.      The Producing Party shall either (1) attach a laser printer or equivalent with an adequate paper supply to the stand-alone computer system(s), or (2) configure the stand-alone computer system(s) to allow print-to-PDF capability. The Receiving Party shall be permitted to print (whether using an attached printer or electronically using print-to-PDF capability) reasonable portions of Source Code that it believes in good faith are necessary to understand a relevant feature of an accused product and/or necessary to proving the elements of their case.  Such reasonable portions of Source Code shall not exceed fifty (50) contiguous printed pages and no more than 1,500 total pages without prior consent from the Producing

Party, and the Producing Party shall not unreasonably withhold or delay such consent. The Receiving Party will not, however, remove such print-outs from the premises. Rather, the Producing Party will produce the printed pages to the Requesting Party, with appropriate numbering/Bates labels affixed thereto, within (3) business days of the day on which such print-outs are printed.

        i.     Physical copies (i.e. print-outs) of Source Code shall be clearly labeled HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION on each page and shall be maintained by the Receiving Party's Outside Litigation Counsel in a secured locked area, and SOURCE CODE QUALIFIED PERSONS viewing such physical copies of Source Code shall do so in a manner consistent with the restrictions on material designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION. No further copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media (except to the extent reasonably necessary to draft SOURCE CODE DOCUMENTS as limited by paragraph k below). Any review of such physical copies of Source Code under this Protective Order shall take place in the offices of the Receiving Party's Outside Litigation Counsel only.

        j.     In no case shall any information designated HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION by a Defendant be provided to any other Defendant, to any other Defendant's counsel, or to any other Defendant's experts (whether consulting or testifying) absent advance written agreement from the Defendant designating the information.

k.      The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, every page of that document will be stamped and treated as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION."

l.      A Receiving Party may maintain one Master Copy of any Source Code until the conclusion of this Action, as specified by paragraph 28.  All copies of any portion of the Source Code in whatever form, except for the Master Copy, shall be securely destroyed if they are no longer in use.  Copies of Source Code, or any report or other document that contains quotes of Source Code, that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.

m.      Access to and review of Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this Action.

n.      The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code are being created or transmitted in any way.  Any observer used by the Producing Party shall be a reasonable distance away from the Receiving Party's representatives during the Source Code review so as to refrain from overhearing a whispered conversation (in order so that the Receiving Party's representatives can quietly discuss the

Source Code amongst each other in the course of their review).  The Producing Party may not employ any means to record the activities of the Receiving Party during any Source Code review; this includes, but is not limited to cameras, microphones, or keystroke logging mechanisms.  The Producing Party, however, may utilize the MyUSBOnly tool, or any other tool agreed on by the Parties, to monitor, detect, and/or limit unauthorized use of the Source Code computing system(s), such as detecting attempts to enable network devices or insert media devices (e.g., memory sticks) into the computing system(s).

**33.     PROSECUTION BAR**  Any attorney for a Plaintiff who obtains, receives, or otherwise learns information designated HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION and/or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION (collectively "Highly Sensitive Material") shall not be involved directly or indirectly in the preparation, prosecution (which includes *inter partes* reviews, reexaminations, post-grant reviews, and interference proceedings), supervising, assisting, or advising any person in the preparation or prosecution of any patent or patent application pertaining to the subject matter of any of the Patents-in-Suit, before any foreign or domestic agency, including the United States Patent and Trademark Office.

The prosecution bar restrictions above are personal to the person obtaining, receiving, or learning Highly Sensitive Material and shall not be imputed to any other person or entity.  The prohibitions with respect to a particular subject matter area shall begin when access to such Highly Sensitive Material relating to that subject matter is first received by the affected individual, and shall end two (2) years after the conclusion of this Action, including all appeals.  The prosecution bar restrictions above shall not prevent counsel from providing public information to a client.

**34.     EXPORT OF DESIGNATED MATERIAL**.  DESIGNATED INFORMATION of a party shall not be exported, transmitted, or made available for viewing or inspection outside of the United States, except under the control and protection of a QUALIFIED PERSON, provided that it is for the purpose of assisting in the litigation of these actions only and provided that such QUALIFIED PERSON has executed any necessary undertakings to comply with this Protective Order.

SO ORDERED this ___ day of _____, 2014.


_____
United States District Judge

**EXHIBIT A**
**Qualified Consultant**
**or Qualified Expert**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1668-LPS |
| v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; AND NEW CINGULAR WIRELESS SERVICES, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1229-LPS |
| v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; AND NEW CINGULAR WIRELESS SERVICES, INC., | |
| Defendants. | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1669-LPS |
| v. | JURY TRIAL DEMANDED |
| CRICKET COMMUNICATIONS, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1230-LPS |
| v. | JURY TRIAL DEMANDED |
| CRICKET COMMUNICATIONS, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

INTELLECTUAL VENTURES I LLC,

    Plaintiff,

    v.

NEXTEL OPERATIONS, INC. AND
SPRINT SPECTRUM L.P.,

    Defendants,

    and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

Civil Action No. 13-1670-LPS

JURY TRIAL DEMANDED

INTELLECTUAL VENTURES II LLC,

    Plaintiff,

    v.

NEXTEL OPERATIONS, INC. AND
SPRINT SPECTRUM L.P.,

    Defendants,

    and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

Civil Action No. 14-1231-LPS

JURY TRIAL DEMANDED

3

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1671-LPS |
| v. | JURY TRIAL DEMANDED |
| T-MOBILE USA, INC. AND T-MOBILE US, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1232-LPS |
| v. | JURY TRIAL DEMANDED |
| T-MOBILE USA, INC. AND T-MOBILE US, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC | | |
| Plaintiff, | | Civil Action No. 13-1672-LPS |
| v. | | JURY TRIAL DEMANDED |
| UNITED STATES CELLULAR CORPORATION, | | |
| Defendant, | | |
| and | | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | | |
| Intervenors. | | |
| INTELLECTUAL VENTURES II LLC, | | |
| Plaintiff, | | Civil Action No. 14-1233-LPS |
| v. | | JURY TRIAL DEMANDED |
| UNITED STATES CELLULAR CORPORATION, | | |
| Defendant, | | |
| and | | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | | |
| Intervenors. | | |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I, _____ being duly sworn, state that:

1.      My address is _____

_____.

5

2.      My present employer is _____, and

the address of my present employment is _____

_____.

3.      My present occupation or job description is

_____

_____

_____.

4.      I have attached hereto my current curriculum vitae and, to the best of my

knowledge, a complete list of any present or former relationships or engagements between

myself and any party to the above-captioned actions (the "Action") or any known competitor

thereof.

5.      I hereby acknowledge that I have read the "Stipulated Protective Order"

("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I

agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive

information designated as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY

INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS

EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this

Action, and certify my understanding that such information is provided to me pursuant to the

terms and restrictions of the PROTECTIVE ORDER.  I agree not to reveal any DESIGNATED

INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not

authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and

I agree not to use, directly or indirectly, or allow the use of any DESIGNATED

INFORMATION for any purpose other than directly associated with my duties in this litigation.

7.      I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting DESIGNATED INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER.  I understand that all copies of any such materials are to remain in my custody until the conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.  I understand that material designated as or reflecting HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION is subject to the additional restrictions listed in the PROTECTIVE ORDER and that I am familiar with and agree to abide by those restrictions.  I further agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) who are necessary to assist me of the terms of the PROTECTIVE ORDER and of their obligation not to reveal any HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER.  I also agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) that they may not access HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS EYES ONLY INFORMATION pursuant to the terms of the PROTECTIVE ORDER.

8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the District of Delaware in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.   I further recognize that, if I violate the

PROTECTIVE ORDER in any manner, I may be subject to such sanctions as the Court on motion and after a hearing deems just.


Signature: _____     Date: _____

**EXHIBIT B**
**Unauthorized Disclosure**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1668-LPS |
| v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; AND NEW CINGULAR WIRELESS SERVICES, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1229-LPS |
| v. | JURY TRIAL DEMANDED |
| AT&T MOBILITY LLC; AT&T MOBILITY II LLC; AND NEW CINGULAR WIRELESS SERVICES, INC., | |
| Defendants. | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

INTELLECTUAL VENTURES I LLC,

    Plaintiff,

    v.

CRICKET COMMUNICATIONS, INC.,

    Defendants,

    and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

Civil Action No. 13-1669-LPS

JURY TRIAL DEMANDED

INTELLECTUAL VENTURES II LLC,

    Plaintiff,

    v.

CRICKET COMMUNICATIONS, INC.,

    Defendants,

    and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

Civil Action No. 14-1230-LPS

JURY TRIAL DEMANDED

2

INTELLECTUAL VENTURES I LLC,

    Plaintiff,

    v.

NEXTEL OPERATIONS, INC. AND
SPRINT SPECTRUM L.P.,

    Defendants,

    and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

Civil Action No. 13-1670-LPS

JURY TRIAL DEMANDED

INTELLECTUAL VENTURES II LLC,

    Plaintiff,

    v.

NEXTEL OPERATIONS, INC. AND
SPRINT SPECTRUM L.P.,

    Defendants,

    and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

    Intervenors.

Civil Action No. 14-1231-LPS

JURY TRIAL DEMANDED

3

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | |
| Plaintiff, | Civil Action No. 13-1671-LPS |
| v. | JURY TRIAL DEMANDED |
| T-MOBILE USA, INC. AND T-MOBILE US, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |
| INTELLECTUAL VENTURES II LLC, | |
| Plaintiff, | Civil Action No. 14-1232-LPS |
| v. | JURY TRIAL DEMANDED |
| T-MOBILE USA, INC. AND T-MOBILE US, INC., | |
| Defendants, | |
| and | |
| ERICSSON INC. AND TELEFONAKTIEBOLAGET LM ERICSSON, | |
| Intervenors. | |

INTELLECTUAL VENTURES I LLC

     Plaintiff,

     v.

UNITED STATES CELLULAR
CORPORATION,

     Defendant,

     and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

     Intervenors.

Civil Action No. 13-1672-LPS

JURY TRIAL DEMANDED

INTELLECTUAL VENTURES II LLC,

     Plaintiff,

     v.

UNITED STATES CELLULAR
CORPORATION,

     Defendant,

     and

ERICSSON INC. AND
TELEFONAKTIEBOLAGET LM
ERICSSON,

     Intervenors.

Civil Action No. 14-1233-LPS

JURY TRIAL DEMANDED

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

     I, _____ being duly sworn, state that:

     1.    My address is _____

_____.

2.      My present employer is _____, and

the address of my present employment is

_____.

_____

3.      My present occupation or job description is _____

_____

_____.

4.      I represent non-party _____

_____.

5.      I hereby acknowledge that I have read the "Stipulated Protective Order"

("PROTECTIVE ORDER") in the above-captioned action (the "Action"), that I am familiar with

the terms thereof, and that I agree to be bound by the terms thereof.

6.      I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I received

information designated as HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY

INFORMATION or HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS

EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this

Action, and certify my understanding that such information is subject to the terms and

restrictions of the PROTECTIVE ORDER.   I agree not to reveal any DESIGNATED

INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not

authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and

I agree not to use, directly or indirectly, or allow the use of any DESIGNATED

INFORMATION for any purpose.

7.      I understand that all copies of any such materials are to be destroyed or returned to the Producing Party.  Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER.

8.      I understand that I shall be subject to the jurisdiction of the U.S. District Court for the District of Delaware in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____          Date: _____