IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC,              )<br>                                                                )<br>              Plaintiff,                                     )<br>                                                                )<br>    v.                                                          )<br>                                                                )<br>AT&T MOBILITY LLC, AT&T MOBILITY II )<br>LLC and NEW CINGULAR WIRELESS       )<br>SERVICES, INC.,                                    )<br>                                                                )<br>              Defendants.                                )<br>                                                                )<br>    and                                                       )<br>                                                                )<br>ERICSSON INC. and                                 )<br>TELEFONAKTIEBOLAGET LM ERICSSON, )<br>                                                                )<br>              Intervenors.                                 ) | C.A. No. 13-1668 (LPS) |
| INTELLECTUAL VENTURES I LLC,              )<br>                                                                )<br>              Plaintiff,                                     )<br>                                                                )<br>    v.                                                          )<br>                                                                )<br>CRICKET COMMUNICATIONS, INC.,         )<br>                                                                )<br>              Defendants.                                )<br>                                                                )<br>    and                                                       )<br>                                                                )<br>ERICSSON INC. and                                 )<br>TELEFONAKTIEBOLAGET LM ERICSSON, )<br>                                                                )<br>              Intervenors.                                 )<br>                                                                ) | C.A. No. 13-1669 (LPS) |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1670 (LPS) |
| | ) | |
| NEXTEL OPERATIONS, INC. and SPRINT SPECTRUM L.P., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, | ) ) | |
| | ) | |
| Intervenors. | ) | |
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1671 (LPS) |
| | ) | |
| T-MOBILE USA, INC. and T-MOBILE US, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, | ) ) | |
| | ) | |
| Intervenors. | ) | |

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-1672 (LPS) |
| | ) |
| UNITED STATES CELLULAR CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| and | ) |
| | ) |
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, | ) |
| | ) |
| Intervenors. | ) |

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-1229 (LPS) |
| | ) |
| AT&T MOBILITY LLC, AT&T MOBILITY II LLC and NEW CINGULAR WIRELESS SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON, | ) |
| | ) |
| Intervenors. | ) |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-1230 (LPS) |
| | ) | |
| CRICKET COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and | ) | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | ) | |
| | ) | |
| Intervenors. | ) | |
| | ) | |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-1231 (LPS) |
| | ) | |
| NEXTEL OPERATIONS, INC. and | ) | |
| SPRINT SPECTRUM L.P., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and | ) | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | ) | |
| | ) | |
| Intervenors. | ) | |

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>T-MOBILE USA, INC. and )<br>T-MOBILE US, INC., )<br>)<br>          Defendants. )<br>)<br>   and )<br>)<br>ERICSSON INC. and )<br>TELEFONAKTIEBOLAGET LM ERICSSON, )<br>)<br>          Intervenors. ) | C.A. No. 14-1232 (LPS) |
| INTELLECTUAL VENTURES II LLC, )<br>)<br>          Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES CELLULAR )<br>CORPORATION, )<br>)<br>          Defendant. )<br>)<br>   and )<br>)<br>ERICSSON INC. and )<br>TELEFONAKTIEBOLAGET LM ERICSSON, )<br>)<br>          Intervenors. ) | C.A. No. 14-1233 (LPS) |

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-1671 (LPS) |
| | ) | |
| ERICSSON USA, INC. and | ) | |
| ERICSSON US, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and | ) | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | ) | |
| | ) | |
| Intervenors. | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-1232 (LPS) |
| | ) | |
| ERICSSON USA, INC. and | ) | |
| ERICSSON US, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERICSSON INC. and | ) | |
| TELEFONAKTIEBOLAGET LM ERICSSON, | ) | |
| | ) | |
| Intervenors. | ) | |

**DEFENDANTS AND ERICSSON'S RESPONSIVE CLAIM CONSTRUCTION BRIEF
FOR THE "FREQUENCY HOPPING" TERM IN THE '408 PATENT**

**TABLE OF CONTENTS**

I. INTRODUCTION..........................................................................................................1
II. U. S. PATENT NO. 6,952,408 - "FREQUENCY HOPPING" (CLAIM 1)....................1
   A. IV Improperly Seeks To Avoid Its IPR Construction. ...............................................1
   B. IV's Construction Perpetuates The Co-Channel Interference
      Problem Underlying The '408 Patent. ......................................................................3
   C. Defendants' Construction Is Consistent With The Claim Language ..........................4

# **TABLE OF AUTHORITIES**

**Cases**

*Cardsoft, LLC v. Verifone, Inc.*,
   807 F.3d 1346 (Fed. Cir. 2015)..........................................................................................3

*Cellular Comms. Equip. LLC v. HTC Corp.*,
   2015 WL 3464733 (E.D. Tex. June 1, 2015).................................................................2, 3

*Facebook, Inc. v. Pragmatus AV, LLC*,
   582 Fed. App'x 864 (Fed. Cir. 2014) ..................................................................................2

*Openwave Sys., Inc. v. Apple Inc.*,
   808 F.3d 509 (Fed. Cir. 2015)..........................................................................................3, 4

*Samuels v. Trivascular Corp.*,
   No. 13-CV-02261-EMC, 2015 WL 7015330 (N.D. Cal. Nov. 12, 2015)...........................2

*Typhoon Touch Techs., Inc. v. Dell, Inc.*,
   659 F.3d 1376 (Fed. Cir. 2011)..........................................................................................1

## TABLE OF EXHIBITS

Unless otherwise noted, all docket citations are to C.A. No. 13-1668.

| Exhibit No. | Description |
| --- | --- |
| A10 | Excerpts from IV's February 19, 2016 Markman Technology Tutorial (filed at D.I. 232) |
| A11 | Excerpts from IV's April 4, 2016 Markman Presentation (filed at D.I. 232) |
| A12 | Excerpts from IV's infringement contentions, previously marked as Defendants' MM Exhibit 1 from April 4, 2016 Markman Hearing (filed at D.I. 232) |
| A13 | Newton's Telecom Dictionary for "co-channel interference" |
| A14 | Brief of Amicus Curiae Intellectual Ventures Management LLC in Support of Petitioner, No. 15-446 |
| Ex. E | Ex. E to the Parties' Amended Joint Claim Construction Chart (D.I. 207), U.S. Patent No. 6,952,408 (the "'408 Patent") |
| Ex. GG | Ex. GG to the Parties' Amended Joint Claim Construction Chart (D.I. 207), October 3, 2014 Patent Owner Preliminary Response in IPR2014-00963 concerning *inter partes* review of the '408 Patent |
| Ex. JJ | Ex. JJ to the Parties' Amended Joint Claim Construction Chart (D.I. 207), March 16, 2015 Patent Owner Response in IPR2014-00963 concerning *inter partes* review of the '408 Patent |
| IV Open. Br. | IV's Opening Brief Concerning "Frequency Hopping" (D.I. 230) |
| Defs. Open. Br. | Defendants' Opening Brief for the "Frequency Hopping" Term in the '408 Patent (D.I. 232) |
| JCCB | Joint Claim Construction Brief (D.I. 208) |

**I.   INTRODUCTION**

IV's brief ignores the construction of "frequency hopping" that it proposed during IPR, and now argues for a ***broader*** construction in this Court than it argued for at the PTAB under the BRI standard. The law does not allow IV to avoid the statements it made to the PTAB regarding this term. *See Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1381 (Fed. Cir. 2011) ("[P]atentee is bound by representations made and actions that were taken in order to obtain the patent."). At the PTAB, IV relied on the Summary of the Invention's description of "frequency hopping" to support its construction, yet here, IV seeks to avoid that controlling language. IV instead relies on irrelevant extrinsic evidence and an unsupported expert declaration without making any attempt to tie either to the '408 Patent. Moreover, IV's construction perpetuates the co-channel interference problem that the '408 Patent purports to address. Ex. E, 2:44-50. IV's sole substantive argument—that Defendants' construction requires performing the claimed method on multiple basestations—is simply incorrect. Defendants' construction requires that only a single basestation use a ***non-correlated hop sequence***, consistent with the plain meaning of "frequency hopping" in the context of the patent.

**II.   U. S. PATENT NO. 6,952,408 - "FREQUENCY HOPPING" (CLAIM 1)**

**A. IV Improperly Seeks To Avoid Its IPR Construction.**

IV previously informed the PTAB and the public that the BRI of "frequency hopping" is "switching the frequency in ***a non-sequential sequence***." Ex. GG, 15. IV now departs from that construction for an impermissibly broader construction under the narrower district court standard.[1] *See Facebook, Inc. v. Pragmatus AV, LLC*, 582 Fed. App'x 864, 869 (Fed. Cir. 2014)

---

[1] IV's construction also ignores its own numerous statements that frequency hopping includes a frequency hopping "pattern" or "sequence." *See* Defs. Open. Br. at 3-4. And IV's citation to Wikipedia's frequency hopping page, while inappropriate as it is not contemporaneous, is

1

(construction under BRI cannot be narrower than under the *Phillips* standard). Specifically, IV's construction here encompasses ***any changing of frequencies***, regardless of whether the changing is "non-sequential" or in a "sequence."[2] Ex. GG, 17. IV's overly-broad construction is a restatement of the general purpose of "frequency hopping," and amounts to a non-construction as a separate limitation already recites "changing" frequencies, thus eviscerating "frequency hopping" as a limitation. *See* Defs. Open. Br. at 4; *see also* JCCB at 79-88.

As IV acknowledged at the Supreme Court, other courts have rejected similar attempts by patentees to evade their IPR positions in favor of broader claim constructions. *See* Ex. A14, IV's Amicus Br. at 19, *Cuozzo Speed Techs., LLC v. Lee*, 793 F.3d 1268 (Fed. Cir. 2015), *cert. granted*, 136 S. Ct. 890 (U.S. Jan. 15, 2016) (No. 15-446) (citing *Cellular Comms. Equip. LLC v. HTC Corp.*, 2015 WL 3464733, at *6 (E.D. Tex. June 1, 2015)); *see also Samuels v. Trivascular Corp.*, No. 13-CV-02261-EMC, 2015 WL 7015330, at *6 (N.D. Cal. Nov. 12, 2015) (construing term to include a limitation supported by patentee's statements to the PTAB). In *HTC*, the district court construed a term based on the patentee's IPR arguments distinguishing prior art and stated that "[p]laintiff may not now obtain a broader construction than the position it advocated to the PTAB." *HTC*, 2015 WL 3464733, at *6. This Court should likewise reject IV's attempt

---

consistent with Defendants' construction (and IV's PTAB statements), stating that frequency hopping is a method of "transmitting radio signals by rapidly switching a carrier among many frequency channels ***using a <u>pseudorandom</u> <u>sequence</u> known to both transmitter and receiver***." *See* IV Open. Br. at 1, citing WIKIPEDIA, https://en.wikipedia.org/wiki/Frequency-hopping_spread_spectrum.

[2] IV's two-sentence expert opinion on how a POSITA would understand "frequency hopping" (*see* Brogioli Decl. (D.I. 231), ¶ 6) is irrelevant because the Summary of the Invention provides the meaning of the term in the context of *this* patent. *See* Defs. Open Br. at 1-3. Indeed, IV admitted as much when it relied solely on the Summary of the Invention for its IPR construction and stated that the "specification of the '408 Patent supports this construction." Ex. GG, 15. And IV's expert's opinion is divorced from the '408 Patent as it does not cite to any intrinsic evidence. Regardless, IV's extrinsic evidence supports Defendants' construction, as it describes a "predetermined hopping ***pattern***" and "***random***" hopping (Brogioli Decl. (D.I. 231), Exs. 1-2.).

2

to obtain a broader construction in District Court than what it advocated for at the PTAB.

### B. IV's Construction Perpetuates the Co-Channel Interference Problem Underlying the '408 Patent.

The Federal Circuit has cautioned against constructions that encompass the problem the patent sought to solve. *See Openwave Sys., Inc. v. Apple Inc.*, 808 F.3d 509, 516 (Fed. Cir. 2015) (patent cannot cover embodiment "that gives rise to the problems the invention purports to solve"); *Cardsoft, LLC v. Verifone, Inc.*, 807 F.3d 1346, 1349-52 (Fed. Cir. 2015) (reversing construction for failure to account for problem inventor sought to solve). Here, despite IV's own emphasis on the '408 Patent's "co-channel" interference problem, IV's construction leads to the very co-channel interference problem the '408 Patent allegedly attempts to solve.

IV previously explained to the Court that the "co-channel" interference problem of the '408 Patent arises when multiple basestations hop to the same frequencies at the same time, which degrades system performance. Ex. A10, slide 85 (explaining co-channel interference as multiple basestations using the same frequency at the same time); *see also* Ex. A13, 156 (co-channel interference is "the interference caused between two cells transmitting on the same frequency within a network"). To solve this problem, the Summary of the Invention states that its frequency hopping "uses different hop sequences that are non-correlated between basestations using a subset of the same frequencies." Ex. E, 2:48-51; *see also* Ex. GG, 17 (stating that non-sequential sequences "ensure hop sequences that are more likely to be non-correlated between basestations"). As IV described, "because frequency hops are non-correlated, the probability that base stations are transmitting on the same RF channel at the same time is low and therefore co-channel interference is reduced." Ex. A10, slide 87. Thus, "using different hop sequences that are non-correlated" to mitigate co-channel interference was not an "additional benefit" as IV contends (IV Open. Br. at 4), but rather was characterized as part of the invention's way to

3

address the problem in the context of the '408 Patent.[3]

Although IV's IPR construction purportedly addressed co-channel interference by referring to a "non-sequential sequence" (which is consistent with the Summary of the Invention's description of a "non-correlated" sequence), IV's construction here of merely changing frequencies would allow basestations to hop *to the same frequencies at the same time*. But IV itself criticized this approach as resulting in co-channel interference that degrades system performance. *See* Ex. A10, slide 85 (explaining co-channel interference). Thus, IV's construction should be rejected because it leads to the very problem that the '408 Patent purportedly solves. *See Openwave*, 808 F.3d at 516.

### C. Defendants' Construction Is Consistent With The Claim Language

IV's sole substantive argument that Defendants' construction would require performing Claim 1's method "on multiple basestations simultaneously" is incorrect. *See* IV Open. Br. at 2-4. Defendants' construction only requires that a single basestation use a non-correlated hop sequence, not that other basestations also perform the method. A single basestation can achieve the patent's goal of reducing co-channel interference (interference caused by two base stations using the same channel) by using a hop sequence that is non-correlated with hop sequences of other basestations, if any exist.[4] *See* Ex. A13, 156 (defining co-channel interference).

Defendants therefore request that the Court adopt Defendants' construction, which comes from the Summary of the Invention and is consistent with IV's definitions of the term in the IPR and throughout this case.

---

[3] Indeed, as IV stated, "frequency hopping" in the context of the '408 Patent "works by using hop sequences that are non-correlated between base stations using a subset of the same frequencies within a communications network." Ex. GG, 8.

[4] While nearly the entirety of IV's opening brief is dedicated to incorrectly arguing that Defendants' construction requires performance of Claim 1's method performed on "multiple basestations," IV ignores that its own proposed construction recites plural "basestations."

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | */s/ Jennifer Ying* |
| | Jack B. Blumenfeld (#1014) |
| | Karen Jacobs (#2881) |
| | Jennifer Ying (#5550) |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, DE  19899 |
| | (302) 658-9200 |
| | jblumenfeld@mnat.com |
| | kjacobs@mnat.com |
| | jying@mnat.com |
| | |
| | *Attorneys for Defendants T-Mobile USA, Inc., T-Mobile US, Inc., Cricket Communications, Inc., AT&T Mobility LLC, AT&T Mobility II LLC, New Cingular Wireless Services, Inc., Nextel Operations, Inc., Sprint Spectrum, L.P., United States Cellular Corp., Intervenors Ericsson Inc. and Telefonaktiebolaget LM Ericsson* |
| OF COUNSEL: | |
| | |
| Douglas M. Kubehl | |
| Ross G. Culpepper | |
| Johnson K. Kuncheria | |
| Jeffery S. Becker | |
| Steven Jugle | |
| Megan LaDriere | |
| Harrison Rich | |
| BAKER BOTTS LLP | |
| 2001 Ross Avenue, Suite 600 | |
| Dallas, Texas 75201-2980 | |
| (214) 953-6486 | |
| | |
| Joseph D. Gray | |
| BAKER BOTTS LLP | |
| 98 San Jacinto Boulevard, Suite 1500 | |
| Austin, TX  78701-4078 | |
| (512) 322-2500 | |
| | |
| *Attorneys for Defendants United States Cellular Corp., T-Mobile USA, Inc. and T-Mobile US, Inc., and Intervenors Ericsson Inc. and Telefonaktiebolaget LM Ericsson* | |

5

Brian C. Riopelle
David E. Finkelson
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219

Franklin D. Kang
MCGUIRE WOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA  90067

*Attorneys for Defendants Nextel Operations, Inc. and Sprint Spectrum, L.P.*

Asim M. Bhansali
David J. Silbert
Justina K. Sessions
R. Adam Lauridsen
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA  94111-1809
(415) 391-5400

*Attorneys for Defendants T-Mobile USA, Inc. and T-Mobile US, Inc.*

Josh A. Krevitt
Benjamin Hershkowitz
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166
(212) 351-4000

Frederick S. Chung
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
(650) 849-5300

*Attorneys for Defendants Cricket Communications, Inc., AT&T Mobility LLC, AT&T Mobility II LLC and New Cingular Wireless Services, Inc.*

April 25, 2016